OPINION OF THE COURT
Gabrielli, J.
Petitioner moved to quash or modify a Grand Jury subpoena issued by a Queens County Grand Jury, on the basis of a promise allegedly made to him by a Special Assistant Attorney-General as part of a plea bargaining agreement. Supreme Court and the Appellate Division both held that the plea bargaining promise should be enforced, each basing the result on differing reasoning. Because the alleged promise was not made a part of the record in the prior criminal proceeding, we reverse.
In March of 1979, petitioner was subpoenaed to appear before a New York County Grand Jury and was questioned *119 about thé existence of kickbacks and other illegal rebates in the health-care industry. Petitioner’s responses to this questioning led to his indictment for three counts of perjury in the first degree. During plea negotiations, petitioner’s desire to avoid being required to give further information regarding the events covered by his Grand Jury testimony was expressed several times by his two attorneys. Whatever understanding may have been reached between petitioner’s attorneys and the prosecutor in this regard, however, it clearly was not made a part of the record. Neither is the existence of such an agreement flatly contradicted on the record, either by virtue of an inconsistent agreement or by a statement elicited from petitioner that no other promises had been made to induce his plea.
Approximately six months after his guilty plea, petitioner was served with a grand jury subpoena commanding his appearance before a Queens County Grand Jury, which was investigating corruption in the hospital industry. This subpoena, the subject of the present appeal, was issued in connection with an investigation being prosecuted by another bureau of the special prosecutor’s office which had previously subpoenaed petitioner in March of 1979. After unsuccessful attempts to have the claimed plea bargaining agreement honored, petitioner made a motion to quash or modify the subpoena. Supreme Court, Criminal Term, found that the prosecutor, by his equivocal responses whenever the subject was brought up, had led petitioner to believe that he had no reason to worry about future Grand Jury appearances. Notwithstanding the court’s belief that no definite promise had been made regarding future Grand Jury testimony, it enforced petitioner’s expectation by modifying tlje subpoena to the extent of precluding questioning of petitioner about matters which had been discussed during his prior appearance before the New York County Grand Jury.
The Appellate Division affirmed, but on a different analysis. That court noted that a prosecutor may not be held to an aspect of a plea bargain to which he did not consent simply because he made imprecise or equivocal statements during plea negotiations. The Appellate Division found, however, that by indicating his assent that petitioner *120 would not be required to give further information about matters covered in his Grand Jury testimony, the prosecutor knowingly consented to an agreement that petitioner would not be called before a Grand Jury by his office to discuss those matters.
We find it unnecessary to attempt to discern the scope and meaning of the statements made during the plea negotiations relative to petitioner’s desire to avoid further involvement with the Grand Jury. Inasmuch as a record had been made of the terms of the plea agreement in the prior criminal proceeding, and the promise petitioner now claims was made is nowhere mentioned in that record, the claimed off-the-record promise is unenforceable. Thus, the order of the Appellate Division should be reversed.
It is a settled rule of law in this State that off-the-record promises made in the plea bargaining process will not be recognized where they are flatly contradicted by the record, either by the existence of some on-the-record promise whose terms are inconsistent with those later urged or by the placement on the record of a statement by the pleading defendant that no other promises have been made to induce his guilty plea (People v Frederick, 45 NY2d 520; People v Selikoff, 35 NY2d 227, cert den 419 US 1122; People v Da Forno, 53 NY2d 1006). We have repeatedly emphasized the necessity of placing all promises on the record, in order to assure the continued validity and usefulness of the plea bargaining process in our criminal, justice system (People v Frederick, 45 NY2d 520, 526, supra; People v Selikoff, 35 NY2d 227, 244, supra; see, also, People v McConnell, 49 NY2d 340, 346).
The distinguishing factor in the present case, and one which the Appellate Division found to be dispositive on this issue, is that the promise now urged by petitioner is not expressly contradicted by the record. We disagree that this factor mandates a departure from our policy of requiring that all terms of the plea agreement be placed on the record. Notwithstanding the emphasis that has previously been placed upon the existence of record contradiction of the promise later being claimed, we believe that the purposes of the plea bargaining process would best be furthered in the usual case by refusing judicial recognition of *121 any off-the-record promise once a record has been made of the terms of the plea agreement. The mere fact that the court failed to ask or the defendant failed to inform the court of the existence of other promises or inducements should not entitle that defendant to attempt to prove that other inducements led him to plead guilty, particularly where, as here, the defendant is represented in the plea bargaining process by experienced counsel.
Thus, once the terms of a plea bargaining agreement are placed on the record, judicial recognition of additional promises or terms of the agreement will not be forthcoming except in a rare case. Any other rule would serve only to undermine the goal of eliminating the secretiveness that has at times tended to surround the plea bargaining process. The court should, in every case, ascertain on the record that no other promises have been made on which the defendant might be relying. If the court fails to make this determination, however, it is nevertheless the defendant’s burden, on pain of losing the claimed promise, to inform the Judge accepting the plea of all promises that were made to induce his plea that are not otherwise revealed.
As the promise sought to be enforced by petitioner does not appear on the record of the prior criminal proceeding, it was unnecessary to hold a hearing to determine whether such á promise existed. In view of our disposition of this case, we need not reach the question of whether the prosecutor has the power to negotiate with a criminal defendant regarding potential future appearances before a Grand Jury.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion to quash or modify the subpoena should be denied.
Chief Judge Cooke and Judges Jasen, Wachtler, Fuchsberg and Meyer concur; Judge Jones taking no part.
Order reversed, etc.