■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD COVINGTON, Appellant. — Order, Supreme Court, New York County, dated October 6, 1981, denying defendant's motion, pursuant to CPL 440.10, to vacate the

judgment of the Supreme Court, New York County (Altman, J.) rendered January 22, 1980, convicting defendant upon a plea of guilty of attempted criminal possession of a weapon in the third degree, and sentencing him, as a predicate felon, to a term of one and one-half years to three years, modified, on the law and in the interest of justice, to the extent of remanding the motion for a hearing, and otherwise affirmed. Decision on the appeal from judgment is held in abeyance pending such hearing. On June 19, 1979, the defendant was arrested holding a large, opaque shoulder bag. The police allege that the defendant was under surveillance because he fit the description of one of two men who had been committing payroll robberies outside of neighborhood banks. The defendant contends that he was merely standing on the street, waiting for an acquaintance, when he was handcuffed and searched without probable cause. A subsequent search of the shoulder bag revealed that it contained two guns. On appeal the defendant claims he was ineffectively represented by counsel in that no motion was made to suppress the evidence of the weapons in that they were the fruits of an illegal search and seizure. Moreover, the plea forfeited the right of appeal. (CPL 710.70, subd 3; *People v Williams,* 36 NY2d 829.) Counsel for the defendant was familiar with the circumstances of the defendant's arrest. In addition, if counsel knew that the defendant was on parole from Virginia State Prison where he had served 10 years of a 30-year sentence, and that a felony conviction in any State would violate the defendant's parole conditions and subject him to the remainder of the 30-year sentence, his representation could be considered ineffective. The plea bargain for a class E felony, with a sentence of one and one-half to three years was, of itself, unobjectionable. However, no matter how low the sentence imposed in New York, the defendant would end up being returned to Virginia to complete his sentence there. Had the motion been made and denied, the fact that a less favorable plea might then be offered is meaningless in light of the incarceration awaiting the defendant in Virginia. It may be that the defendant received no benefit from his counsel's failure to seek a suppression hearing (see *People v Esajerre,* 35 NY2d 463), and lack of the motion not only subjected the defendant to sure incarceration in another State but forfeited any opportunity to raise the question on appeal. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Asch, JJ.