■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL CUEVAS, Respondent. — Order of the Supreme Court, New York County (Soloff, J.), entered March 6, 1981, dismissing the indictment against the defendant, unanimously reversed, on the law, and the indictment reinstated, and the matter remanded for a hearing. The defendant was originally indicted on one count of attempted murder in the second degree, two counts of assault in the second degree, and one count of robbery in the first degree. There was a jury trial in 1977, and the defendant was convicted of attempted murder in the second degree and assault in the second degree. This court reversed and remanded for a new trial (67 AD2d 219), on the basis that the defendant's right to call witnesses was violated, and that there was an improper restriction of redirect examination of a defense witness. The facts are set forth in the previous opinion of this court. It is the contention of the defendant that (although attempted without avail) the two witnesses whose testimony was not permitted, could not now be located despite diligent efforts. The purpose for calling these witnesses was to show that the defendant's "conduct and demeanor" at the time after the crime had been committed "were inconsistent with the behavior which might be expected of a person who had just committed a heinous crime", and also to substantiate the defendant's claim that he was not wearing the coat described by the complainant. The testimony had been excluded on the ground that these witnesses were not on the defendant's notice

of alibi, and that the period after the crime constituted an extension of the alibi. No hearing was held by the court which dismissed the indictment, but in an oral opinion the Justice stated that she was constrained by the Appellate Division determination to dismiss the case because those two witnesses could not be found, stating, "In that·sense it is analogous to the denial of the constitutional right to a speedy trial, because witnesses become unavailable through no fault of the Defendant." As the Court of Appeals has recently stated in a matter involving speedy trial, the People are entitled to a hearing. (See *People v Zirpola*, 57 NY2d 706.) There are many ways in which this matter could proceed; e.g., the People could accept the fact that those witnesses, if called, would testify as alleged. It may be that defendant's first trial counsel at a hearing can inform the court as to what exactly these witnesses were prepared to testify to, and it may be that his recollection would show but a slight impact on any new trial determination. This court, in its previous opinion, was ruling on the defendant's right to call witnesses and not mandating a result. By analogy, if there were missing a stenographic transcript, it could be possible to reconstruct the proceedings. (See *People v Rivera*, 39 NY2d 519, 523.) Alternative methods must first be explored. (See *People v Glass*, 43 NY2d 283, 286.) The court, in this instance, did not engage in "any exercise of its discretionary power to weigh the various relevant factors." (See *People v Williams*, 56 NY2d 236, 239.) We do not know whether the defendant would be "in fact prejudiced" by the failure to locate the two witnesses. (See *People v Harris*, 57 NY2d 335, 349.) Accordingly, the order should be reversed and the indictment reinstated, and the matter remanded for the appropriate hearing. Concur — Kupferman, J. P., Sandler, Silverman, Lynch and Milonas, JJ.