■ In the Matter of JOHN KUTTAS. — Motion for reinstatement transferred to the Appellate Division, Third Department, for hearing and determination. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD COVINGTON, Appellant. — Motion granted only to the extent of amending the order of this court entered on June 8, 1982 (88 AD2d 818) by adding a new sentence at the end of the last paragraph thereof to read as follows: The District Attorney shall procure the custody of Edward Covington, now confined in the custody of the Virginia Department of Corrections, at the expense of the People, so that he may attend and participate in the hearing and be available for conferring with his attorneys at least three days (exclusive of Saturdays, Sundays and holidays) prior to the hearing. The said hearing shall commence within 30 days after the service upon the District Attorney of a copy of this order with a notice of entry. Concur — Sandler, Sullivan, Bloom and Asch, JJ; Kupferman, J. P., dissents in a memorandum.

Kupferman, J. P. (dissenting). We held this appeal in abeyance pending a hearing. (See *People v Covington*, 88 AD2d 818.) The question was as to ineffective representation of counsel. A guilty plea was entered into which was favorable to the defendant. However, the result of his felony conviction was a violation of a Virginia parole, which subjected him to the remainder of a 30-year sentence. The issue is whether counsel knew of the defendant's predicament. Because the defendant is incarcerated in Virginia, his present counsel for the purpose of a hearing moves to resettle the order to provide that the People arrange to bring the defendant back from Virginia, and that this be done prior to the hearing so that he may confer with his present counsel. The People contend they do not have the resources to produce the defendant from the State of Virginia, although they agree to co-operate with counsel for the defendant on any application or action he takes in or with that State for the purpose of the hearing we have directed. This court then responds to that motion by ordering the People to make the necessary arrangements in Virginia and to finance the cost thereof. I cannot agree that this is the proper procedure. It is not every situation that requires an evidentiary hearing and production of the defendant in New York. (See *People v Frederick,* 45 NY2d 520, 528; cf. *Matter of Benjamin S.,* 55 NY2d 116, 121.) There may be alternative methods. (*People v Cuevas,* 91 AD2d 598.) It may be that the procedure provided for in CPL article 680 for securing testimony outside the State could be followed. The Judge who will preside at the hearing, and who will have to ascertain what the plea counsel knew and when he knew it, should determine the procedure to be followed. That counsel can appear at the hearing, and the deposition of the defendant can be taken in Virginia. To impose upon the People the cost of this proceeding when there may be other ways to inquire into the situation is not the most salutary method of handling this matter.