■ STATE OF NEW YORK, Respondent, v ANTON NOTEY et al., Appellants, et al., Defendants. — In an action to recover damages predicated upon Medicaid overpayments, defendants Anton Notey, Richard Notey, Thomas Notey, Rose Notey, South Shore Nursing Home, and Central Island Nursing Home appeal (1) from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 19, 1980, as granted plaintiff's motion, pursuant to CPLR 3217, to voluntarily discontinue its action without prejudice, and denied a cross motion to discontinue the action with prejudice, and (2) from so much of a further order of the same court, dated September 19, 1980, as, upon granting appellants' motion to renew, adhered to its original determination. By order dated December 28, 1981 this court remitted the matter to Special Term to hear and determine the purpose of a March, 1979 plea agreement entered into by defendants Anton, Richard and Thomas Notey with the Attorney-General's office, and, in the interim, the appeals were held in abeyance (*State of New York v Notey,* 85 AD2d 689). Special Term (Balletta, J.), has now complied. Appeal from the order which, *inter alia,* granted plaintiff's motion to voluntarily discontinue its action without prejudice, dismissed. Said order was superseded by the order granting renewal. Order granting appellants' motion for renewal and adhering to the original determination reversed insofar as ap-

pealed from and upon renewal, the order which, *inter alia,* granted plaintiff's motion to voluntarily discontinue its action without prejudice, is modified by deleting from the 10th decretal paragraph the name of defendants Marion Livack, Rose Notey, Evelyn Schacter, Herman Schacter and Morris Wahl, and as modified, said order is affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements payable by defendants Anton Notey, Richard Notey, Thomas Notey, South Shore Nursing Home, and Central Island Nursing Home. These appeals involve plaintiff's attempt to discontinue its action in order to pursue recoupment remedies through administrative proceedings conducted by the New York State Department of Health. The matter was remitted to Special Term to hear and determine whether a March, 1979 plea agreement entered into by defendants Anton, Richard and Thomas Notey with the Attorney-General's office limited future State attempts at recoupment of funds to a civil suit in court, rather than administrative proceedings, and, if so, whether the nursing home defendants and the former partners of Anton, Richard and Thomas Notey (defendants Marion Livack, Rose Notey, Evelyn Schacter, Herman Schacter and Morris Wahl) were the intended or incidental beneficiaries of the State's promise to limit itself to a judicial, as opposed to an administrative, forum (see *State of New York v Notey, supra*). The record fully supports Special Term's finding that the parties to the plea agreement "contemplated the State being limited to recoupment through civil law suits in the courts of this State". Since that commitment is a term of the plea agreement, it is enforceable against the State and its subdivisions "[a]bsent stated countervailing considerations" (*Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57, 66; see *Matter of Benjamin S.,* 55 NY2d 116, mot for rearg den and mot to amd remittitur granted 56 NY2d 570, mot to amd remittitur den 56 NY2d 807). The purchasers of the defendants South Shore and Central Island Nursing Homes, and the New York State Department of Health, by letter dated March 3, 1980, and defendants Anton, Richard and Thomas Notey and the purchasers of said nursing homes, by letter dated March 15, 1980, entered into a triparty agreement by which, among other things, said defendants agreed to be subject to administrative procedures of recoupment with respect to overpayments made to those two nursing homes prior to September 18, 1979, the date voluntary receivers were appointed for the nursing homes. The contentions raised by the nursing homes and the Noteys, concerning the legitimacy, meaning, and applicability of the March letter agreements are without merit. By being parties to the letter agreements, the nursing homes and Anton, Thomas and Richard Notey waived any claim that plaintiff is bound by the promise in the plea agreement to pursue recoupment only through civil suit in a court of law. Accordingly, insofar as the orders in question affect these defendants, they are correct. However, on remittal, the parties stipulated, for the purposes of this action only, that all defendants were the intended beneficiaries of the plea agreement. That being the case, the former partners of Anton, Richard and Thomas Notey may rely on and enforce the provision of the plea agreement which limits the State to an action in a judicial forum (see *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Goodman-Marks Assoc. v Westbury Post Assoc.,* 70 AD2d 145). A discontinuance without prejudice to enable the Department of Health to proceed with recoupment through administrative proceedings would be prejudicial to these defendants since they have a right to rely on the pertinent provisions of the plea agreement. Because of this prejudice, we need not decide whether such a change of forum would also be prejudicial because of the loss of significant procedural benefits. The waiver implicitly contained in the March letter agreements does not affect the rights of the former partners as third-party

beneficiaries of the plea agreement, since they were not signatories of the March letter agreements and because their rights vested by the time this suit was initiated in August of 1979 (see Calamari and Perillo, Contracts [2d ed], § 17-9). Plaintiff has set forth no other possible countervailing consideration which might justify avoidance of its promise to only proceed against the former partners in a court of law, and, therefore, it may not discontinue its action against them without prejudice. Damiani, J. P., Lazer, Gibbons and Weinstein, JJ., concur.