Jasen, J.
(dissenting). The majority today holds that the presentence report which disclosed, inter alia, that defendant had been arrested twice, convicted once, adjudicated a youthful offender and sentenced to 30 days in jail and three years probation, all subsequent to his arrest in this case, is generally favorable and that the adverse information is “not so significant” as to permit the court to refuse to abide by its sentencing promise even though its agreement to do so was expressly conditioned upon receiving a favorable presentence report. Since I do not believe that both courts below erred as a matter of law in deciding that the report was not favorable, I respectfully dissent.
I note preliminarily my complete agreement with the majority’s holding that judicial recognition cannot be given to the court’s off-the-record withdrawal of its sentencing promise. (Matter of Benjamin S., 55 NY2d 116; People v Frederick, 45 NY2d 520.) I also agree that inasmuch as the court did not specifically condition its approval of the plea bargain agreement upon defendant’s accomplices receiving similar treatment, the fact that similar treatment was not ultimately accorded those individuals would not be a proper basis upon which to deny the defendant the bargained-for sentence.
As the majority concedes, however, the record discloses that the Trial Judge made it very clear to defendant that he would acquiesce in the plea agreement between defendant and the District Attorney and impose a sentence of probation only if all the terms of the agreement were satisfied. One of the conditions to the court’s approval of the agreement was receipt of a favorable presentence report. With respect to that condition, the Judge informed the defendant, on the record, that “[i]f the probation report is returned and makes that sentence improper or unrealistic * * * or improperly based, I reserve the right to change that sentence and to advise you of the sentence that I think should be imposed in light of the information supplied in the probation report, and if I do that you can accept such sentence as I indicate I intend to give or you can withdraw the plea. Do you understand what I have said?” The defen *178 dant, in the presence of his attorney, replied that he understood and agreed to the condition.
The report, which was prepared and submitted to the court, contained information indicating that defendant had engaged in additional criminal activity subsequent to his arrest in this case, had previously engaged in antisocial conduct and could be easily provoked into doing so again. After receiving the report, the court decided that a sentence of probation would be inappropriate “particularly in light of the report of the Department of Probation”. (Emphasis supplied.) As a result of its determination that the report was not favorable and that a condition of the plea agreement had therefore not been satisfied, the court sentenced defendant to 90 days in jail, to be served intermittently. The Appellate Division affirmed.
On this appeal, defendant contends, and the majority agrees, that “[t]he contents of [the presentence] report did not qualify as adverse because, when read in its entirety, the report was favorable.” While it is true that the report contained some favorable comments concerning defendant, it also contained evidence that defendant has a propensity for engaging in criminal conduct. Indeed, the report disclosed that defendant had been arrested twice subsequent to his arrest in this case. As to the first arrest, the charges were dismissed. As to the other, defendant was charged with grand larceny, a felony, but was permitted to plead to a misdemeanor and was sentenced as a youthful offender to 30 days in jail and three years probation.* The report also discloses that “[t]he defendant has participated in delinquent and antisocial conduct in company with other youths, and he has apparently been susceptible to influence of bold and psychopathic persons.” Defendant was also reported to be “quick tempered” and “easily provoked”.
The determination whether or not the presentence report is favorable requires a balancing of both the critical *179 and the laudatory information contained therein. The nature of the information, its relevance to the decision whether or not defendant should be given probation and the circumstances surrounding the incidents detailed must also be taken into consideration by the court. In the case before us, the sentencing Judge analyzed the information contained in the report, and exercised his judgment and discretion in determining it to be unfavorable. The Appellate Division agreed and refused to employ its “interest of justice” powers to require specific performance of the plea agreement.
Nevertheless, the majority today characterizes the report as generally favorable and the adverse information contained therein as “not so significant” as to permit the court to find that a condition of its sentencing promise had not been satisfied. In doing so, this court impermissibly substitutes its judgment for the judgment of both courts below while doing little more than listing some of the favorable comments contained in the report and ignoring much of the adverse information. It is noteworthy that the majority does not, and indeed cannot, say that the courts below erred as a matter of law in determining the presentence report to be unfavorable.
Inasmuch as this court is empowered to review only questions of law (CPL 450.90, subd 2) and not discretionary or factual determinations, specific performance of the subject plea agreement cannot be ordered by this court unless it can be said that the sentencing court and the Appellate Division abused their discretion as a matter of law. Because there is abundant support in the presentence report to sustain the determination below that the report was unfavorable and that a condition precedent to enforcement of the court’s sentencing promise was not satisfied, this court should not substitute its judgment to reach a different result and require specific performance of the plea agreement.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Cooke and Judges Jones, Meyer and Kaye concur with Judge Wachtler; Judge Jasen dissents and *180 votes to affirm in a separate opinion; Judge Simons taking no part.
Order reversed and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein.

 The majority’s implication that the fact that “both arrests as well as the disposition of the latter took place well before the plea agreement in the present case was accepted” (majority opn, at p 176) is somehow relevant is misleading. As defendant concedes, there is nothing on the record to indicate that the sentencing Judge was aware of defendant’s additional arrests prior to his approval of the plea agreement. As a result, no judicial recognition can be given to that fact. (Matter of Benjamin S., 55 NY2d 116; People v Frederick, 45 NY2d 520.)