■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [792 NYS2d 66]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Brenda G. Soloff, J., at plea and sentence), rendered January 3, 2002, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of seven years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of three years to life, and otherwise affirmed. Judgment, same court (Laura Visitacion-Lewis, J., at plea; Brenda G. Soloff, J., at

sentence), rendered January 3, 2002, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a concurrent term of 6 to 18 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 2 to 6 years, and otherwise affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant initiated contact with the police by approaching the officers to request directions. Upon observing that defendant appeared intoxicated, one of the officers asked defendant whether he was high. Under the circumstances, the question constituted a nonaccusatory, nonthreatening request for information (*see People v Faines*, 297 AD2d 590, 593 [2002], *lv denied* 99 NY2d 558 [2002]). Once defendant stated that he had smoked marijuana, the officer asked defendant where he was coming from, which was still only a level-one inquiry. Defendant responded that he had come from uptown, where he had purchased a jacket, and then, without prompting, voluntarily opened his bag and showed it to the officers. When, in doing so, defendant exposed a clear plastic bag containing a suspicious-looking white powdery substance, this provided the police, at a minimum, with reasonable suspicion that defendant was in possession of a controlled substance. At the very least, the officers were justified in asking defendant whether he had any contraband (*see People v Pridgen*, 3 AD3d 393 [2004], *lv denied* 2 NY3d 804 [2004]). Once defendant produced marijuana, there was probable cause to arrest him, and therefore no basis for suppression of the fruits of that lawful arrest.

Defendant's claim that his plea was induced by the prosecutor's alleged unrecorded promise of leniency going beyond the terms of defendant's cooperation agreement is unpreserved since, although he made various postplea applications, he never moved to withdraw his plea on that ground (*see People v Johnson*, 82 NY2d 683 [1993]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the plea allocution and the terms of the cooperation agreement are unequivocal and refute defendant's claim of an off-the-record promise (*Matter of Benjamin S.*, 55 NY2d 116 [1982]; *People v Frederick*, 45 NY2d 520, 526 [1978]; *see also Siegel v State of New York*, 691 F2d 620 [2d Cir 1982], *cert denied* 459 US 1209 [1983]). Accordingly, there is no basis upon which to find a violation of defendant's right to due process (*see Santobello v New York*, 404 US 257 [1971]).

We find defendant's sentences excessive to the extent indicated. Concur—Mazzarelli, J.P., Friedman, Williams, Gonzalez and Catterson, JJ.