■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. VILLONE, Appellant. [753 NYS2d 778] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered December 21, 2000, convicting defendant upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession and criminal sale of a controlled substance in the third degree (Penal Law § 220.16 [1]; § 220.39 [1]) in satisfaction of an 11-count indictment, defendant contends that his plea was coerced because County Court advised him of the possible sentences that could be imposed if he were convicted of the charges in the indictment. We reject that contention. The court's remarks served to " 'impress[ ] upon defendant the strength of the People's case, the potential sentence to which defendant was exposed under the indictment, and the favorableness of the plea bargain' " (*People v Campbell,* 236 AD2d 877, 878). The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced (*see People v Ryan,* 191 AD2d 814). We further reject the contention of defendant that the court abused its discretion in denying his motion to withdraw his guilty plea (*see People v Gomez,* 142 AD2d 649, *lv dismissed* 73 NY2d 786). Here, defendant pleaded guilty on the day that jury selection was to commence. The record establishes that "defendant knowingly and intelligently, with neither 'confusion' nor 'coercion' present * * *, and with a full opportunity to assess the advantages and disadvantages of a plea versus a trial * * *, made his election" (*People v Pearson,* 55 AD2d 685, 687). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.