■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIGI CAPOCCETTA, Appellant. [876 NYS2d 280]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered August 9, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). County Court properly denied defendant's motion to withdraw the plea. The record of the plea proceeding establishes that the plea was knowingly, voluntarily and intelligently entered and, contrary to defendant's contention, "a plea agreement is not inherently coercive or invalid simply because it affords a benefit to a loved one, as long as the plea itself is knowingly, voluntarily and intelligently made" (*People v Etkin*, 284 AD2d 579, 580 [2001], *lv denied* 96 NY2d 862 [2001]). We reject the further contention of defendant that he is entitled to withdraw his plea based upon his unilateral mistake with respect to the sentence that his brother, a codefendant, would receive. "A defendant will not be heard to challenge his guilty plea when the minutes of the plea [proceeding] are unequivocal and refute any contention of an off-the-record promise" (*People v Frederick*, 45 NY2d 520, 526 [1978]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see*

*People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.