# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**489**

**KA 12-01772**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                  MEMORANDUM AND ORDER

SHAWN A. MCNEW, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 9, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [2]). Contrary to defendant's contention, his waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Pratt*, 77 AD3d 1337, 1337, *lv denied* 15 NY3d 955). The valid waiver by defendant of the right to appeal encompasses his challenge to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833; *People v Rodriguez*, 111 AD3d 1310, 1310), and the severity of the sentence (*see Lopez*, 6 NY3d at 255-256). Contrary to defendant's further contention, we conclude that his guilty plea was knowingly, voluntarily, and intelligently entered. Defendant's assertions that he did not have sufficient time to consider the plea offer and that he was coerced into taking the plea because he believed that the People would pursue charges against his son are belied by his statements during the plea colloquy (*see People v Allen*, 99 AD3d 1252, 1252). In addition, we note that " 'a plea agreement is not inherently coercive or invalid simply because it affords a benefit to a loved one, as long as the plea itself is knowingly, voluntarily and intelligently made' " (*People v Capoccetta*, 60 AD3d 1382, 1382, *lv denied* 13 NY3d 858). Finally, we note that the certificate of conviction incorrectly recites that defendant was convicted of attempted criminal sexual act under Penal Law §§ 110.00 and 130.50 (1), and it must therefore be amended to reflect that he was convicted under Penal Law §§ 110.00 and 130.50 (2) (*see generally People v*

*Saxton*, 32 AD3d 1286, 1286-1287).