# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1160

KA 12-01812

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MIKEL R. ODLE, DEFENDANT-APPELLANT.

---

THE GLENNON LAW FIRM, P.C., ROCHESTER (PETER J. GLENNON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 8, 2012. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree, attempted murder in the first degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he did not knowingly, voluntarily and intelligently waive his right to appeal. We reject that contention. Defendant waived his right to appeal both orally and in writing, and we conclude that defendant's "responses during the plea colloquy and his execution of a written waiver of the right to appeal establish that he intelligently, knowingly, and voluntarily waived his right to appeal" (*People v Rumsey*, 105 AD3d 1448, 1449, *lv denied* 21 NY3d 1019).

Defendant further contends that his plea was not knowingly, voluntarily, and intelligently entered and thus that County Court erred in denying his motion to withdraw his plea. We reject that contention. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see People v Garner*, 86 AD3d 955, 955). We perceive no abuse of discretion here. Defendant's assertions that he was "threatened" and "coerced" into accepting the plea are belied by his statements during the plea proceeding (*see People v McNew*, 117 AD3d 1491, 1492; *People v Witkop*, 114 AD3d 1242, 1243, *lv denied* 23 NY3d 1069). Moreover, "[t]he fact

that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced" (*People v Villone*, 302 AD2d 866, 866, *lv denied* 4 NY3d 768; *see People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015). Defendant's challenge to the sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Rosado*, 70 AD3d 1315, 1316, *lv denied* 14 NY3d 892). In any event, defendant also failed to preserve that challenge for our review by moving to withdraw his plea on that ground, and the narrow exception to the preservation doctrine does not apply here (*see People v Smith*, 43 AD3d 474, 475, *lv denied* 9 NY3d 1009; *People v Anaya*, 8 AD3d 33, 33, *lv denied* 3 NY3d 670).

Finally, defendant contends that he was denied effective assistance of counsel. To the extent that defendant's contention survives his guilty plea and valid waiver of the right to appeal (*see People v Strickland*, 103 AD3d 1178, 1178), we conclude that it lacks merit. The record establishes that defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court