People v Rodgers (2018 NY Slip Op 04143)





People v Rodgers


2018 NY Slip Op 04143


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


506 KA 16-00133

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SIR RAVEN RODGERS, DEFENDANT-APPELLANT. 






KATHRYN B. FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 22, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law
§ 160.10 [3]). At the outset, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal, and that waiver, which specifically included a waiver of the right to challenge defendant's "conviction" and the "sentence," encompasses his contention that the sentence imposed is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Butler, 151 AD3d 1959, 1959 [4th Dept 2017], lv denied 30 NY3d 948 [2017]). Although defendant's further contention that the sentence is illegal survives his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Bussom, 125 AD3d 1331, 1331 [4th Dept 2015]), we conclude that the sentence imposed by Supreme Court, i.e., eight years of incarceration with five years of postrelease supervision, is legal (see §§ 70.00 [6]; 70.02 [2] [a]; [3] [b]; 70.45 [2] [f]).
Defendant further contends that the court erred in refusing to preclude and/or suppress an in-court identification of him. Defendant forfeited any preclusion argument based upon an allegedly defective CPL 710.30 notice by moving to suppress the identification (see People v Graham, 107 AD3d 1421, 1422 [4th Dept 2013], affd 25 NY3d 994 [2015]; People v Kirkland, 89 NY2d 903, 904-905 [1996]), and by pleading guilty (see People v La Bar, 16 AD3d 1084, 1084 [4th Dept 2005], lv denied 5 NY3d 764 [2005]). Moreover, because defendant pleaded guilty before the court issued a suppression ruling with respect to the in-court identification, he forfeited the right to raise the suppression issue on appeal (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Russell, 128 AD3d 1383, 1384 [4th Dept 2015], lv denied 25 NY3d 1207 [2015]; People v Scaccia, 6 AD3d 1105, 1105 [4th Dept 2004], lv denied 3 NY3d 681 [2004]).
Although defendant's contention that his guilty plea was not voluntarily, knowingly and intelligently entered survives the waiver of the right to appeal (see People v McKay, 5 AD3d 1040, 1041 [4th Dept 2004], lv denied 2 NY3d 803 [2004]), that contention is unpreserved for our review because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]; People v Brown, 115 AD3d 1204, 1205 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]). In any event, defendant's contention lacks merit, inasmuch as his assertion that he "did not have sufficient time to consider the plea offer . . . [is] belied by his statements during the plea colloquy" (People v McNew, 117 AD3d 1491, 1492 [4th Dept 2014], lv denied 24 NY3d 1003 [2014]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court