■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 1, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to criminal sale of a controlled substance in the third degree in December 1988 with the understanding that he would be released from custody in order to cooperate with the District Attorney's office in certain investigations. A written cooperation agreement between the District Attorney and the defendant, which was incorporated

into the plea agreement, gave the District Attorney sole discretion to determine whether the defendant's cooperation was "meaningful and substantial". The plea agreement further provided that if the defendant cooperated, he would be permitted to withdraw his plea to criminal sale of a controlled substance in the third degree, a class B felony, and plead to a lesser charge. If he absconded, the District Attorney would recommend imposition of the maximum sentence for the B felony. Sentencing was adjourned for 60 days, and, when the defendant failed to appear on that date, a bench warrant was issued. He was arrested several months later in Connecticut. At his sentencing in December 1989 the defendant moved to withdraw his plea based on allegations that he was innocent and that the People failed to fulfill certain promises which had induced him to plead guilty.

We find that the court properly declined to vacate the defendant's plea based on his unsubstantiated claim of innocence *(see, People v Dixon,* 29 NY2d 55; *People v Ochoa,* 179 AD2d 689). The record of the plea allocution establishes that the defendant voluntarily pleaded guilty with the advice of counsel and without any protestations of innocence. His belated claim of innocence was supported solely by the affirmation of his attorney and was contradicted by the affirmation of the Assistant District Attorney who signed the cooperation agreement. The court did not err in declining to hold a hearing on the defendant's motion as he was afforded a reasonable opportunity to advance his contentions *(see, People v Frederick,* 45 NY2d 520; *People v Tinsley,* 35 NY2d 926).

Moreover, the court properly rejected the defendant's contention that the plea should be vacated because he was induced to plead guilty by certain off-the-record promises *(see, Matter of Benjamin S.,* 55 NY2d 116; *People v Frederick, supra; People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). During the plea allocution, the prosecutor placed the terms of the plea agreement on the record. Thereafter, the defendant, the prosecutor, and the defense counsel responded negatively when the court asked if any other promises had been made. Since the alleged promises did not appear on the record, the court was not required to hold a hearing to determine if such promises did exist *(see, Matter of Benjamin S., supra).*

Under the circumstances, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.