THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONELETTO SHAWN EVERY, Appellant. [709 NYS2d 263] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of nine counts of burglary in the second degree (*see*, Penal Law § 140.25 [2]). During the plea allocution, the statements of defendant raised the affirmative defense of intoxication. Contrary to defendant's contention, County Court conducted further inquiry before accepting the guilty plea and ascertained that defendant had the requisite intent to steal something from each of the dwellings. Thus, the court accepted the plea after establishing that there was no viable affirmative defense of intoxication negating the element of intent (*see, People v Lopez*, 71 NY2d 662, 666-667; *cf., People v Costanza*, 244 AD2d 988; *People v Simone*, 179 AD2d 694).

The contention of defendant that the court further erred in accepting his guilty plea because he did not personally recite the facts underlying each crime is without merit. "[T]here is no requirement that a defendant personally recite the facts underlying his or her crime" (*People v Kinch*, 237 AD2d 830,

831, *lv denied* 90 NY2d 860; *see, People v Smith*, 248 AD2d 891, 892, *lv denied* 92 NY2d 906). Upon our review of the record, we conclude that defendant received meaningful representation (*see, People v Kirkman*, 269 AD2d 808). Finally, the sentence of concurrent terms of incarceration of 5 to 10 years for each burglary count is neither unduly harsh nor severe, notwithstanding that two codefendants, 15 and 17 years old at the time of the crimes, received lesser sentences. (Appeal from Judgment of Wayne County Court, Sirkin, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.