█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ROYAL, Appellant. [760 NYS2d 917] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered May 10, 2001, convicting defendant upon his plea of guilty of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). Because defendant failed to move to withdraw his guilty plea or to vacate the judgment of convic-

tion, his contention that the plea was not knowingly, intelligently and voluntarily entered is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Jackson*, 278 AD2d 875 [2000], *lv denied* 96 NY2d 759 [2001]). This case does not fall within the narrow exception to the preservation doctrine set forth in *Lopez* (71 NY2d at 666), because defendant's plea colloquy did not negate an essential element of burglary in the third degree. In any event, the record establishes that defendant's plea was knowingly, intelligently and voluntarily entered. The further contention of defendant that he was denied effective assistance of counsel involves matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL 440.10 (*see People v Skye*, 298 AD2d 889, 890 [2002]). Finally, the record establishes that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (*see People v Hidalgo*, 91 NY2d 733, 736 [1998]; *People v Burse*, 295 AD2d 968, 969 [2002], *lv denied* 98 NY2d 709 [2002]), and that waiver encompasses the remaining contentions raised in defendant's pro se supplemental brief. In any event, we conclude that those contentions lack merit. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.