■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID G. SPICKERMAN, JR., Appellant. [762 NYS2d 470] —Appeal from a judgment of Wayne County Court (Kehoe, J.), entered April 25, 2002, convicting defendant upon his plea of guilty of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]) and three counts of endangering the welfare of a child (§ 260.10 [1]), arising out of the physical

beating he inflicted on the mother of two of his three children in the presence of all three children, ages 1, 2 and 10 at the time. As a result of the beating, the victim's jaw was fractured in three places, she sustained facial contusions and lacerations, and both of her eardrums were ruptured.

We reject defendant's contention that County Court committed reversible error by not inquiring further into a possible justification defense that defendant contends was suggested during the plea colloquy. After he admitted his guilt on the charges of assault and endangering the welfare of his three children, defendant stated, "I'd like it to be known to the Court that what this, what this is about was, where she was taking my kids, they were being molested; and now, it is being proved. They haven't been —." The court did inquire into that statement, thereafter asking defendant, "So, I understand, your comment is, you are not disputing that what you admitted to is all that occurred; is that correct? You are simply saying that you had your reasons for doing what you did, as I understand it?" Defendant replied, "Well, really no reason for doing it * * *." The court followed up on that statement as well, asking, "But you are not disputing that all the, all the admissions you just made to me, they are all true; is that correct?" Defendant answered, "Yes."

When a defendant's recitation of the facts casts significant doubt upon the defendant's guilt, the court has a duty to inquire further to ensure that the guilty plea is knowing and voluntary (*see People v Francis*, 38 NY2d 150, 153 [1975]). Here, however, nothing that was said during the plea colloquy "clearly casts significant doubt" on defendant's guilt (*People v Lopez*, 71 NY2d 662, 666 [1988]). Defendant admitted all of the factual allegations underlying the crimes after they were recited to him by the court, and he made no statement negating his guilt or any essential element of the crime (*see People v Rivera*, 266 AD2d 576, 577 [1999]). While defendant offered some explanation for his actions, nothing he said raised the possibility of a viable justification defense (*see People v Reyes*, 247 AD2d 639, 639 [1998], *lv denied* 92 NY2d 859 [1998]; *see also* Penal Law § 35.15). Defendant's sentence, which was agreed upon as part of the plea bargain, is not unduly harsh or severe.

We reject the contention of defendant raised in his pro se supplemental brief that he was denied effective assistance of counsel by counsel's failure to move to dismiss the charges or to transfer the matter to Family Court on the ground that County Court lacked jurisdiction over these charges. At most,

Family Court shares concurrent jurisdiction with the criminal court over all family offenses (*see* Family Ct Act § 115 [e]), including "any proceeding concerning acts which would constitute * * * assault in the second degree" (§ 812 [1]). Family Court does not have exclusive jurisdiction over family offenses. We have considered the remaining contentions in defendant's pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Lawton and Hayes, JJ.