THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. CARLTON, Appellant. [770 NYS2d 502]—

Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered February 25, 2002, convicting defendant upon his plea of guilty of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20). The valid waiver by defendant of the right to appeal encompasses his contentions concerning the factual sufficiency of the plea allocution and the severity of the sentence (*see People v Dewitt*, 295 AD2d 937, 937-938 [2002], *lv denied* 98 NY2d 709, 767 [2002]). In any event, by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that the plea allocution was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665 [1988]). Contrary to defendant's contention, this case does not fall within the rare case exception to the preservation rule (*see id.* at 666).

We reject the further contention of defendant that he should have been afforded an opportunity to withdraw his plea based on County Court's alleged failure to fulfill a sentencing promise to impose a sentence of direct parole supervision. As part of the plea agreement, the court agreed to sentence defendant to an indeterminate term of imprisonment of 2 to 4 years and stated that it would have "no objection" to the sentence being served by direct parole supervision in the event that defendant was eligible for such supervision. At sentencing, the court directed that defendant be placed on direct parole supervision. Thereafter, the court granted the People's motion to vacate the sentence on the ground that the sentence was illegal as a matter of law. Upon ascertaining that defendant was subject to an undischarged term of imprisonment and was convicted of an offense not included as a "specified offense" (see CPL 410.91 [2], [5]), the court sentenced defendant to an indeterminate term of imprisonment of 2 to 4 years. "Of course, a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff,* 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]). Here, however, there was no such unfulfilled sentencing promise because the court stated only that it did not object to direct parole supervision in the event that defendant was eligible for such supervision. Thus, the court was not required to afford defendant the opportunity to withdraw his plea (*see generally People v Linares,* 174 AD2d 847, 847-848 [1991], *lv denied* 78 NY2d 969 [1991]; *cf. People v Visser,* 256 AD2d 1106, 1108 [1998]).

Finally, the contention of defendant that he was denied effective assistance of counsel does not survive his plea of guilty (*see People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). "There is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*id.* at 1244). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.