■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE McKAY, Appellant. [773 NYS2d 923]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 18, 2002. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [2]). Contrary to the contention of defendant, his

waiver of the right to appeal was voluntary, knowing, and intelligent (*see People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v Ray*, 307 AD2d 754, 755 [2003], *lv denied* 100 NY2d 624 [2003]). The contention of defendant that he did not voluntarily, knowingly, and intelligently enter his guilty plea survives the waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), but he failed to preserve that contention for our review by moving to withdraw his plea or vacate the judgment of conviction (*see People v Royal*, 306 AD2d 886, 886-887 [2003], *lv denied* 100 NY2d 624 [2003]; *People v Jackson*, 278 AD2d 875 [2000], *lv denied* 96 NY2d 759 [2001]). The waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution. Moreover, defendant failed to preserve that contention for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In any event, defendant's challenge lacks merit (*see People v Spickerman*, 307 AD2d 774 [2003], *lv denied* 100 NY2d 624 [2003]; *People v Every*, 272 AD2d 947, 947-948 [2000], *lv denied* 95 NY2d 865 [2000]). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.