■ The People of the State of New York, Respondent, v Jamel Spivey, Appellant. [779 NYS2d 373]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 18, 2002. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [4]). Contrary to the contention of defendant, his waiver of the right to appeal was voluntary, knowing, and intelligent (*see People v Moissett,* 76 NY2d 909, 910-911 [1990]; *People v Ray,* 307 AD2d 754, 755 [2003], *lv denied* 100 NY2d 624 [2003]). To the extent that defendant challenges the factual sufficiency of the plea allocution, his waiver of the right to appeal encompasses that contention (*see People v McKay,* 5 AD3d 1040, 1041 [2004]; *People v Carlton,* 2 AD3d 1353 [2003], *lv denied* 1 NY3d 625 [2004]; *People v Singletary,* 307 AD2d 779 [2003], *lv denied* 100 NY2d 599 [2003]). In any event, he failed to preserve that contention for our review (*see People v Lopez,* 71 NY2d 662, 665 [1988]). Defendant also failed to preserve for our review his contention that the plea was not voluntary, know-

ing, and intelligent inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see McKay,* 5 AD3d at 1041; *People v Chrispen,* 306 AD2d 916 [2003], *lv denied* 100 NY2d 619 [2003]). This case does not fall within the narrow exception to the preservation doctrine set forth in *Lopez.* Present—Green, J.P., Hurlbutt, Kehoe, Martoche and Hayes, JJ.