rendered May 27, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea was not knowing, voluntary or intelligent (*see People v Thomas* [appeal No. 1], 23 AD3d 1156 [2005]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), nor does this case fall within the narrow exception to the preservation requirement (*see People v Toxey*, 86 NY2d 725 [1995], *rearg denied* 86 NY2d 839 [1995]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN FULTON, Appellant. [811 NYS2d 827]—Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 7, 2003. The judgment convicted defendant, upon a jury verdict, of criminal trespass in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal trespass in the second degree (Penal Law § 140.15). Defendant failed to renew his motion to dismiss based on the asserted legal insufficiency of the evidence at the close of his own evidence "and thus waived his present contention that the evidence . . . is legally insufficient to support his conviction" (*People v Ivy*, 23 AD3d 1036, 1036 [2005]; *see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *see also People v Payne*, 3 NY3d 266, 273 [2004], *rearg denied* 3 NY3d 767 [2004]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WALKER, Appellant. [810 NYS2d 270]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 22, 2001. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of burglary in the third degree (Penal Law § 140.20). After "affording defendant a reasonable opportunity to advance his claims" regarding alleged off-the-record promises that were unfulfilled, Supreme Court properly denied defendant's motion to withdraw the guilty plea (*People v Frederick*, 45 NY2d 520, 525 [1978]; *see People v Rodriguez*, 17 AD3d 267, 268 [2005], *lv denied* 5 NY3d 768 [2005]). The terms of the alleged off-the-record promises are inconsistent with the terms and conditions of the plea agreement placed on the record, and defendant stated unequivocally during the plea proceeding that no other promises had been made to induce his guilty plea (*see Matter of Benjamin S.*, 55 NY2d 116, 120-121 [1982], *rearg denied* 56 NY2d 570 [1982], *mot to amend remittitur granted* 56 NY2d 648 [1982]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.