■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMITH, Appellant. [807 NYS2d 925]—The case is held, the decision is reserved, the motion to relieve assignment of counsel is granted and new counsel is to be assigned: Memorandum: Defendant was convicted upon a guilty plea of assault in the second degree (Penal Law § 120.05 [3]), and operating a motor vehicle while in an intoxicated condition as a felony (Vehicle and Traffic Law § 1192 [3]). He was sentenced as a second violent felony offender to a determinate term of incarceration of five years together with five years postrelease supervision on the assault conviction and a concurrent indeterminate term of one and one-third to four years on the driving while intoxicated conviction. Defendant's assigned appellate counsel has moved to be relieved of the assignment pursuant to *People v Crawford* (71 AD2d 38 [1979]), and has submitted an affirmation in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record establishes that although the defendant was promised a sentence which included three years postrelease supervision, he was sentenced to five years postrelease supervision. The facts raise the issue of whether defendant's guilty plea was induced by an unfulfilled promise (*see People v Carlton*, 2 AD3d 1353 [2003], lv denied 1 NY3d 625 [2004]). Therefore, we relieve counsel of his assignment and assign new counsel to brief this issue, as well as any other issues that counsel's review of the record may disclose. (Appeal from

Judgment of Ontario County Court, Frederick G. Reed, J.—Assault, 1st Degree). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.