THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. JACKSON, Appellant. [856 NYS2d 432]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered June 14, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]). Contrary to the contention of defendant, the record of the plea colloquy establishes that he knowingly, intelligently and voluntarily waived his right to appeal (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9 NY3d 882 [2007]). "County Court was 'not required to engage in any particular litany' in order to obtain a valid waiver of the right to appeal" (*id.* at 1274-1275, quoting *People v Moissett*, 76 NY2d 909, 910 [1990]). The valid waiver by defendant of the right to appeal encompasses his challenges to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]), and to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). That valid waiver also encompasses defendant's challenge to the factual sufficiency of the plea allocution (*see People v McKay*, 5 AD3d 1040 [2004], *lv denied* 2

NY3d 803 [2004]; *People v Carlton*, 2 AD3d 1353 [2003], *lv denied* 1 NY3d 625 [2004]) and, in any event, defendant failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Hamilton*, 45 AD3d 1396 [2007], *lv denied* 10 NY3d 765 [2008]; *Carlton*, 2 AD3d at 1353). This case does not fall within the rare exception to the preservation requirement inasmuch as the plea allocution does not "cast[ ] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea" (*Lopez*, 71 NY2d at 666). The further contention of defendant that he was denied effective assistance of counsel does not survive his guilty plea or his waiver of the right to appeal inasmuch as he failed to demonstrate " 'that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Leonard*, 37 AD3d 1148, 1149 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Scudder, P.J., Martoche, Smith, Lunn and Peradotto, JJ.