■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER TUPER, Appellant. [2 NYS3d 700]—

Devine, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered July 22, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (three counts).

In full satisfaction of a 22-count indictment, defendant pleaded guilty to burglary in the second degree (three counts). Under the terms of the plea agreement, defendant was to be sentenced to no more than 15 years in prison, to be followed by a period of postrelease supervision of no more than three years. County Court thereafter sentenced defendant to an aggregate prison term of 15 years with five years of postrelease supervision. Following a hearing, County Court also ordered that defendant pay restitution in the amount of $54,954.10. Defendant now appeals.

Initially, we find that County Court properly fixed the amount of restitution. At the restitution hearing, the People bore the burden of proving the victims' out-of-pocket losses by a preponderance of the evidence (*see People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]; *People v Stevens*, 84 AD3d 1424, 1427 [2011], *lv denied* 17 NY3d 822 [2011]). Further, "[a]ny relevant evidence is admissible unless privileged regardless of its admissibility under the rules of evidence" (*People v Consalvo*, 89 NY2d 140, 145 [1996]; *accord People v Stevens*, 84 AD3d at 1427). In our view, the evidence presented at the hearing, which included victim testimony, the testimony of a police investigator, insurance company estimates, the sworn affidavits of the other victims and other documentation, was sufficient to satisfy the People's burden (*see People v Stevens*, 84 AD3d at 1427; *People v Russell*, 41 AD3d 1094, 1096-1097 [2007], *lv denied* 10 NY3d 964 [2008]).

Defendant further contends, and the People concede, that the period of postrelease supervision imposed at sentencing did not conform to the terms stated at the plea agreement. Inasmuch as defendant failed to object to the sentence imposed

or make an appropriate motion, his claim is unpreserved for our review (*see People v Wright*, 89 AD3d 1232, 1232 [2011]; *People v Davis*, 79 AD3d 1267, 1269 [2010], *lv denied* 16 NY3d 797 [2011]). We find it appropriate, however, to exercise our interest of justice jurisdiction (*see* CPL 470.15 [6]) and modify the sentence imposed by reducing the period of postrelease supervision to three years. Insofar as County Court deemed the imposition of this sentence to be appropriate, defendant need not be provided an opportunity to withdraw his plea, as our modification "gives effect to the promise which had originally induced defendant's plea" (*People v Martin*, 17 AD3d 775, 776 [2005]; *accord People v Wright*, 89 AD3d at 1232-1233).

McCarthy, J.P., Lynch and Clark, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision to three years, and, as so modified, affirmed.