## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 5, 2016

106916
106917
107166

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                  MEMORANDUM AND ORDER

ROBERT D. DECKER,
               Appellant.
_____


Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____


     Matthew Hug, Troy, for appellant.

     Eric T. Schneiderman, Attorney General, New York City
(Matthew B. Keller of counsel), for respondent.


_____


Peters, P.J.

     Appeals (1) from a judgment of the County Court of
Montgomery County (Catena, J.), rendered July 24, 2014,
convicting defendant upon his plea of guilty of the crime of
criminal possession of a forged instrument in the second degree,
(2) from a judgment of the County Court of Saratoga County
(Scarano, J.), rendered July 25, 2014, convicting defendant upon
his plea of guilty of the crimes of grand larceny in the third
degree, scheme to defraud in the first degree, offering a false
instrument in the first degree and petit larceny, and (3) by
permission, from an order of the County Court of Montgomery
County (Catena, J.), entered November 6, 2014, which denied
defendant's motion pursuant to CPL 440.10 to vacate the judgment

of conviction, without a hearing.

Following an investigation by the Attorney General's office, defendant – a home improvement contractor – was accused of engaging in a multi-county scheme in which he bilked dozens of clients out of substantial sums of money. In accordance with a plea offer proposed by the People, defendant pleaded guilty to a Montgomery County indictment charging him with the crime of criminal possession of a forged instrument in the second degree and waived his right to appeal in exchange for a promised prison sentence of 1 to 3 years and restitution not to exceed $500. Thereafter, pursuant to a written plea agreement, defendant waived indictment and pleaded guilty to a Saratoga County superior court information (hereinafter SCI) charging him with the crimes of grand larceny in the third degree, scheme to defraud in the first degree, offering a false instrument in the first degree and petit larceny in full satisfaction of all charged and uncharged crimes relating to the operation of his home improvement contracting business during the period from April 2011 to December 2013. The People further agreed that, in consideration of the Saratoga County plea, defendant's son would be permitted to plead guilty to a misdemeanor in satisfaction of a then-pending felony charge and that additional charges would not be pursued against the son in connection with his involvement in defendant's business. Defendant waived his right to appeal, agreed to pay restitution in an amount not exceeding $375,000 and was promised an aggregate prison term of 2 to 6 years to run consecutively to the sentence imposed in Montgomery County.

After the entry of the pleas in both counties, defendant, represented by newly assigned counsel, separately moved in Montgomery County Court and Saratoga County Court to withdraw his respective guilty pleas on the basis that, among other things, he was denied the effective assistance of counsel and his pleas were coerced by both the threat of his son's prosecution and imprisonment as well as the People's promise of leniency if he were to capitulate to the Saratoga County plea agreement. Defendant's motions were denied, he was sentenced by each court in accordance with the terms of the applicable plea agreement and

a hearing was scheduled by Saratoga County Court to determine the amount of restitution.  Thereafter, pursuant to CPL 440.10, defendant sought to vacate both his Montgomery County and Saratoga County judgments of conviction on the ground that his guilty pleas were coerced.  Defendant also moved in Saratoga County Court to renew his motion to withdraw his guilty plea or, alternatively, to renew his motion to vacate the judgment of conviction, alleging that the SCI was jurisdictionally defective. Montgomery County Court denied defendant's CPL 440.10 motion without a hearing. Saratoga County Court denied defendant's motion to renew and, upon converting his CPL 440.10 motion into a motion to renew his motion to withdraw the guilty plea, denied such motion.  Following a hearing, Saratoga County Court ordered defendant to pay restitution in the amount of $167,434.19. Defendant appeals from both judgments of conviction and, by permission, the denial of his CPL 440.10 motion without a hearing.

        While defendant's claim that the SCI was jurisdictionally defective survives both his guilty plea and valid appeal waiver (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]; People v Rapp, 133 AD3d 979, 980 [2015]; People v Jackson, 128 AD3d 1279, 1279 [2015], lv denied 26 NY3d 930 [2015]), it is lacking in merit. Contrary to defendant's contention, the scheme to defraud offense charged in the SCI is plainly the same offense as that charged in the felony complaint, and there is no factual discrepancy between the two (see People v Milton, 21 NY3d 133, 136-137 [2013]; compare People v Siminions, 112 AD3d 974, 975 [2013], lv denied 24 NY3d 1088 [2014]).  Accordingly, such count of the SCI charged an offense for which "defendant was held for action of a grand jury" (CPL 195.20), thus complying with the pertinent statutory requirement for waiving indictment and serving as a proper jurisdictional predicate for defendant's guilty plea (see People v Milton, 21 NY3d at 137; People v Waid, 26 AD3d 734, 735 [2006], lv denied 6 NY3d 839 [2006]; People v Verrone, 266 AD2d 16, 17 [1999]; see generally People v Pierce, 14 NY3d at 571; People v

<u>Menchetti</u>, 76 NY2d 473, 477 [1990]).[1]  Further, by incorporating the elements of the crime by specific reference to the applicable statutory provision, the SCI "effectively charge[d]
. . . defendant with the commission of a particular crime" and afforded him "fair notice of the charges made against him" (<u>People v Ray</u>, 71 NY2d 849, 850 [1988] [internal quotation marks and citations omitted]; <u>see</u> <u>People v Kamburelis</u>, 100 AD3d 1189, 1189-1190 [2012]; <u>People v McDuffie</u>, 89 AD3d 1154, 1155 [2011], <u>lv denied</u> 19 NY3d 964 [2012]).  To the extent that defendant's argument is addressed to the factual sufficiency of the SCI, such claim is precluded by his guilty plea (<u>see</u> <u>People v Martinez</u>, 106 AD3d 1379, 1380 [2013], <u>lv denied</u> 22 NY3d 957 [2013]; <u>People v Morales</u>, 66 AD3d 1083, 1084 [2009]; <u>People v Quinones</u>, 51 AD3d 1226, 1227 [2008], <u>lv denied</u> 10 NY3d 938 [2008]).

Nor are we persuaded by defendant's challenge to the summary denial of his motions to withdraw his respective guilty pleas.  "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (<u>People v Burns</u>, 133 AD3d 1045, 1046 [2015] [internal quotation marks and citations omitted]; <u>see</u> <u>People v Curry</u>, 123 AD3d 1381, 1383 [2014], <u>lv denied</u> 25 NY3d 950 [2015]; <u>People v Young</u>, 112 AD3d 1068, 1069 [2013], <u>lv denied</u> 22 NY3d 1204 [2014]).  An

---

[1]  To the extent that defendant's assertion that Saratoga County Court lacked geographic jurisdiction over the scheme to defraud count can be viewed as a challenge to the validity of the waiver of indictment or SCI, which would survive his guilty plea and appeal waiver (<u>see</u> <u>People v Pierce</u>, 14 NY3d at 570 n 2; <u>People v Boston</u>, 75 NY2d 585, 589 n [1990]), such contention must fail.  The record establishes that one or more of the elements of the scheme to defraud charge occurred in Saratoga County, rendering it a proper venue for prosecution of such crime (<u>see</u> CPL 20.40 [1] [a]; <u>People v White</u>, 104 AD3d 1056, 1057 [2013], <u>lv denied</u> 21 NY3d 1021 [2013]; <u>People v Banks</u>, 38 AD3d 938, 939 [2007], <u>lv denied</u> 9 NY3d 840 [2007]).

evidentiary hearing will be required "only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Perkins, 125 AD3d 1045, 1046 [2015]; see People v Brown, 14 NY3d 113, 116 [2010]; People v Trimm, 129 AD3d 1215, 1215-1216 [2015]; People v Cole, 118 AD3d 1098, 1100 [2014]).

Here, the record demonstrates that the terms and conditions of the Montgomery County plea were extensively explained to defendant and the matter was twice adjourned to provide defendant additional time to consider the offer and discuss the matter with counsel. During the thorough and detailed plea colloquy that ensued, defendant acknowledged that he understood the consequences of pleading guilty, stated that he was satisfied with counsel's services and readily admitted to conduct constituting the relevant crime. When defendant stated that he was led to believe that the People would not pursue charges against his son if he accepted the plea offer and that his son's arrest two days earlier amounted to "a lot of pressure" with regard to his decision to plead guilty, Montgomery County Court immediately interjected and conducted an appropriate inquiry. Defendant then twice confirmed that no promises were made in connection with the plea other than those set forth on the record, that he had not been threatened, coerced or otherwise influenced into pleading guilty and that he was pleading guilty freely, voluntarily and because he was, in fact, guilty. Under such circumstances, Montgomery County Court was not required to hold a hearing to further inquire into the existence of any purported off-the-record promise with respect to defendant's son (see Matter of Benjamin S., 55 NY2d 116, 120-121 [1982]; People v Walker, 26 AD3d 797, 798 [2006], lv denied 6 NY3d 854 [2006]; People v Salvagni, 199 AD2d 680, 680 [1993]; People v Sanchez, 184 AD2d 537, 538 [1992], lv denied 80 NY2d 909 [1992]).

While defendant's Saratoga County guilty plea was entered in return for a promise of leniency with regard to pending and contemplated charges against defendant's son, it is settled that "'a plea agreement is not inherently coercive or invalid simply because it affords a benefit to a loved one, as long as the plea

itself is knowingly, voluntarily and intelligently made'" (People v Phillips, 71 AD3d 1181, 1183-1184 [2010], lv denied 15 NY3d 755 [2010], quoting People v Etkin, 284 AD2d 579, 580 [2001], lv denied 96 NY2d 862 [2001]; see People v Fiumefreddo, 82 NY2d 536, 545 [1993]).  Saratoga County Court engaged in a detailed plea colloquy wherein it informed defendant of the ramifications of pleading guilty, including the rights he was relinquishing, and ascertained that he was entering the plea agreement freely and voluntarily.  Defendant's claim that his plea was coerced is belied by both his statements during the plea allocution and the counseled seven-page written plea agreement he executed, wherein he confirmed that no threats or promises had been made to induce him into pleading guilty and attested that his guilty plea was being entered "freely, voluntarily, knowingly, and without coercion of any kind."  Based on our review of the record before us, we are convinced that defendant's guilty pleas were knowingly, intelligently and voluntarily made and find no abuse of discretion in the summary denial of his motions to withdraw such pleas (see People v McNew, 117 AD3d 1491, 1492 [2014], lv denied 24 NY3d 1003 [2014]; People v Young, 112 AD3d at 1069; People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]; People v Wolf, 88 AD3d 1266, 1267 [2011], lv denied 18 NY3d 863 [2011]).

Defendant's claim that Montgomery County Court erred in summarily denying his CPL 440.10 motion — which was premised on the same allegations of coercion lodged in his motions to vacate his guilty pleas — is similarly unavailing.  No hearing was required inasmuch as defendant's arguments could properly be resolved based upon the contents of the record, and the proffered affidavits failed to demonstrate that "the nonrecord facts sought to be established are material and would entitle him to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]; see People v Rebelo, 137 AD3d 1315, 1317 [2016]; People v Griffin, 89 AD3d 1235, 1237-1238 [2011]).

Finally, defendant contends that the amount of restitution is excessive and unsupported.  Inasmuch as the Saratoga County plea agreement contemplated restitution but did not specify the

amount to be awarded, this contention is not precluded by defendant's appeal waiver (see People v Robinson, 133 AD3d 1043, 1044 [2015]; People v Gardner, 129 AD3d 1386, 1388 [2015]).  It is, however, without merit.  "In seeking restitution, the People bore the burden of demonstrating the amount of the victim's out-of-pocket losses by a preponderance of the evidence.  The amount gained by defendant or taken from the victim must be offset against the value of any benefit that may have been conferred upon the victim, and 'the People must show both components of the restitution equation, the amount taken minus the benefit conferred'" (People v Johnson, 91 AD3d 1121, 1123 [2012], lv denied 18 NY3d 959 [2012], quoting People v Tzitzikalakis, 8 NY3d 217, 221-222 [2007]; accord People v Russo, 68 AD3d 1437, 1438 [2009]; see Penal Law § 60.27 [2]).

Focusing on 12 of the victims to whom restitution was awarded, defendant claims that the People failed to prove the value (or lack thereof) of certain completed or partially completed work that he performed under the respective contracts. Mindful that "[a]ny relevant evidence, not legally privileged, [is admissible] regardless of its admissibility under the exclusionary rules of evidence" (CPL 400.30 [4]; see People v Consalvo, 89 NY2d 140, 145 [1996]; People v Tuper, 125 AD3d 1062, 1062 [2015], lv denied 25 NY3d 1078 [2015]), we cannot agree.  In our view, the evidence presented at the hearing — which included the sworn affidavits of each of the 12 victims at issue and other supporting documentation with regard to the value (if any) conferred by defendant's work — was sufficient to establish a prima facie case of the victims' out-of-pocket losses (see People v Stevens, 84 AD3d 1424, 1427 [2011], lv denied 17 NY3d 822 [2011]; People v Ford, 77 AD3d 1176, 1176-1177 [2010], lv denied 17 NY3d 816 [2011]; People v Russo, 68 AD3d at 1438). Accordingly, "the burden of going forward [fell] to . . . defendant to offer evidence contradicting the People's calculation" (People v Tzitzikalakis, 8 NY3d at 222 n 2).  As defendant failed to do so, the restitution awarded to these 12 victims will not be disturbed.

Defendant's remaining ascriptions of error, to the extent not specifically discussed herein, have been reviewed and found to be unavailing.

Lahtinen, Rose, Lynch and Aarons, JJ., concur.


ORDERED that the judgments and order are affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court