# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1097

KA 16-00767

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KURY S. SPENCER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

THE LAW OFFICES OF PETER K. SKIVINGTON, PLLC, GENESEO (PETER R. CHANDLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC R. SCHIENER, SPECIAL PROSECUTOR, GENESEO, FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), entered July 28, 2011. The order directed defendant to pay restitution.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon a jury verdict of, inter alia, two counts of assault in the second degree (*People v Spencer*, 108 AD3d 1081, *lv denied* 22 NY3d 1159). After bifurcating the sentencing proceeding and conducting a separate restitution hearing (*see generally People v Connolly*, 100 AD3d 1419, 1419), County Court ordered defendant to pay $74,491.37 (appeal No. 1). The order was mailed by the court to defense counsel and entered with the court clerk on July 28, 2011. Defendant filed a notice of appeal dated August 2, 2011. By order entered August 17, 2015, the court converted the order of restitution to a civil judgment (appeal No. 2). Defendant now appeals from both orders.

We reject the People's contention that appeal No. 1 should be dismissed for failure to perfect the appeal in a timely manner. "[S]ervice by the prevailing party is necessary under CPL 460.10 in order to commence the time period for the other party to take an appeal" (*People v Washington*, 86 NY2d 853, 854). Here, the record establishes that defendant's attorneys received a copy of the order in appeal No. 1 and promptly filed a notice of appeal, but there is no evidence that the People ever served the order as required by CPL 460.10 (1) (a). Inasmuch as "the record fails to establish that [the People] ever served [defendant] with a copy of the order or with notice of entry . . . , [defendant's] 30-day period to appeal County Court's order never began to run" (*People v Aubin*, 245 AD2d 805, 806; *see Washington*, 86 NY2d at 854-855). We agree with the People,

however, that appeal No. 2 should be dismissed inasmuch as no appeal as of right or by permission lies from that order (*see generally* CPL 450.10, 450.15; *People v Fricchione*, 43 AD3d 410, 411).

We reject defendant's contention that the court erred in ordering restitution. "Restitution is 'the sum necessary to compensate the victim for out-of-pocket losses' " (*People v Tzitzikalakis*, 8 NY3d 217, 220; *see* Penal Law § 60.27 [1]). "[R]estitution serves the dual, salutary purposes of easing the victim's financial burden while reinforcing the offender's sense of responsibility for the offense and providing a constructive opportunity for the offender to pay his or her debt to society" (*People v Horne*, 97 NY2d 404, 411). Defendant's conviction stemmed from his conduct in operating a motor vehicle and colliding head-on with another vehicle, causing serious physical injuries to two victims. Contrary to defendant's contention, the People met their burden of establishing the victims' out-of-pocket medical and other costs incurred as a result of defendant's conduct by a preponderance of the evidence (*see People v Tuper*, 125 AD3d 1062, 1062, *lv denied* 25 NY3d 1078; *People v Pugliese*, 113 AD3d 1112, 1112-1113, *lv denied* 23 NY3d 1066; *People v Howell*, 46 AD3d 1464, 1465, *lv denied* 10 NY3d 841).

Contrary to defendant's further contention, the court was not required to offset the amount of restitution by the settlement received by the victims in their lawsuit against defendant and his father, who owned the vehicle that defendant was operating at the time of the accident. An award of restitution must take into account any benefit received by the victim and include appropriate offsets (*see Tzitzikalakis*, 8 NY3d at 220-221). Here, the court credited the testimony of the victims' attorney that the settlement was limited to damages for pain and suffering and did not encompass any out-of-pocket costs incurred by the victims. Indeed, on this record we conclude that to allow an offset, which would effectively eliminate restitution, would result in defendant avoiding "pay[ing] his . . . debt to society" (*Horne*, 97 NY2d at 411).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court