# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1269**
**KA 15-01395**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRETT E. COPES, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered July 7, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [3]). Defendant does not challenge the validity of his waiver of the right to appeal, and his valid waiver encompasses his contention that the sentence is unduly harsh and severe (*see People v Ruffin*, 101 AD3d 1793, 1793, *lv denied* 21 NY3d 1019; *People v Foster*, 281 AD2d 902, 902, *lv denied* 96 NY2d 862; *see generally People v Lopez*, 6 NY3d 248, 256).

Defendant further contends that the court violated the terms of the plea agreement by failing to impose a sentence of parole supervision pursuant to CPL 410.91. Although that contention implicates the voluntariness of defendant's guilty plea and therefore survives his waiver of the right to appeal (*see People v Brady*, 122 AD3d 1009, 1010, *lv denied* 25 NY3d 1160), we conclude that it is without merit. The record establishes that the court did not promise defendant a sentence of parole supervision, but merely stated that it was willing to impose such a sentence if defendant was eligible for it (*see People v Hernandez*, 62 AD3d 1095, 1097, *lv denied* 13 NY3d 745; *People v Carlton*, 2 AD3d 1353, 1354, *lv denied* 1 NY3d 625; *see also People v Hardy*, 32 AD3d 1317, 1318, *lv denied* 7 NY3d 925). Inasmuch as defendant's prior violent felony conviction rendered him ineligible

for a sentence of parole supervision (*see* CPL 410.91 [2]), "there was no . . . unfulfilled sentencing promise" (*Carlton*, 2 AD3d at 1354; *see People v Tallman*, 92 AD3d 1082, 1083, *lv denied* 20 NY3d 1065).  To the extent that defendant contends that the attorneys and the court assured him that he would be eligible for a parole supervision sentence, that contention is belied by his acknowledgment during the plea colloquy that no off-the-record promises had been made to induce him to plead guilty (*see People v Sanchez*, 184 AD2d 537, 538, *lv denied* 80 NY2d 909; *see also Brady*, 122 AD3d at 1010-1011).

Entered:  December 23, 2016                        Frances E. Cafarell
                                                   Clerk of the Court