Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered July 7, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [3]). Defendant does not challenge the validity of his waiver of the right to appeal, and his valid waiver encompasses his contention that the sentence is unduly harsh and severe (see People v Ruffin, 101 AD3d 1793, 1793 [2012], lv denied 21 NY3d 1019 [2013]; People v Foster, 281 AD2d 902, 902 [2001], lv denied 96 NY2d 862 [2001]; see generally People v Lopez, 6 NY3d 248, 256 [2006]).
Defendant further contends that the court violated the terms of the plea agreement by failing to impose a sentence of parole supervision pursuant to CPL 410.91. Although that contention implicates the voluntariness of defendant’s guilty plea and therefore survives his waiver of the right to appeal (see People v Brady, 122 AD3d 1009, 1010 [2014], lv denied 25 NY3d 1160 [2015]), we conclude that it is without merit. The record establishes that the court did not promise defendant a sentence of parole supervision, but merely stated that it was willing to impose such a sentence if defendant was eligible for it (see People v Hernandez, 62 AD3d 1095, 1097 [2009], lv denied 13 NY3d 745 [2009]; People v Carlton, 2 AD3d 1353, 1354 [2003], *1640 lv denied 1 NY3d 625 [2004]; see also People v Hardy, 32 AD3d 1317, 1318 [2006], lv denied 7 NY3d 925 [2006]). Inasmuch as defendant’s prior violent felony conviction rendered him ineligible for a sentence of parole supervision (see CPL 410.91 [2]), “there was no . . . unfulfilled sentencing promise” (Carlton, 2 AD3d at 1354; see People v Tallman, 92 AD3d 1082, 1083 [2012], lv denied 20 NY3d 1065 [2013]). To the extent that defendant contends that the attorneys and the court assured him that he would be eligible for a parole supervision sentence, that contention is belied by his acknowledgment during the plea colloquy that no off-the-record promises had been made to induce him to plead guilty (see People v Sanchez, 184 AD2d 537, 538 [1992], lv denied 80 NY2d 909 [1992]; see also Brady, 122 AD3d at 1010-1011).
Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.