# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1157
KA 15-01659
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICKY D. PEGLOW, II, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 13, 2015. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [1]). In appeal No. 2, he appeals from a judgment convicting him, upon the same plea of guilty, of falsifying business records in the first degree (§ 175.10). With respect to appeal No. 1, defendant's valid waiver of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see People v Grimes*, 53 AD3d 1055, 1056, *lv denied* 11 NY3d 789) and, in any event, defendant failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Jackson*, 50 AD3d 1615, 1615-1616, *lv denied* 10 NY3d 960).

Contrary to defendant's further contention in both appeals, the sentence is not illegal. Furthermore, his valid waiver of the right to appeal with respect to both the conviction and sentence encompasses his contention in both appeals that the sentence is unduly harsh and severe (*see People v Lopez*, 6 NY3d 248, 255-256; *cf. People v Maracle*, 19 NY3d 925, 928).

Entered: February 3, 2017                              Frances E. Cafarell
                                                       Clerk of the Court