People v Balkum (2019 NY Slip Op 00714)





People v Balkum


2019 NY Slip Op 00714


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


29 KA 15-01057

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMEN K. BALKUM, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered April 24, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he is entitled to vacatur of the plea or reduction of the sentence to the term of incarceration allegedly promised during the plea proceeding because County Court failed to fulfill its sentencing promise. Although that contention survives defendant's valid waiver of the right to appeal (see People v Feher, 165 AD3d 1610, 1610 [4th Dept 2018]; People v Carlton, 2 AD3d 1353, 1353-1354 [4th Dept 2003], lv denied 1 NY3d 625 [2004]) and even assuming, arguendo, that preservation was not required under the circumstances of this case (see generally People v Williams, 27 NY3d 212, 219-225 [2016]; People v McAlpin, 17 NY3d 936, 938 [2011]), we conclude that defendant's contention lacks merit. Here, as part of the plea agreement accepted by defendant, the court promised to impose a determinate term of incarceration of either five or six years. Although the court indicated during the plea proceeding that it was inclined to sentence defendant to the five-year term even in light of defendant's criminal history of which the court was already aware, the court expressly retained discretion to determine which term would be "appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (People v Selikoff, 35 NY2d 227, 238 [1974], cert denied 419 US 1122 [1975]). Indeed, the court specified that its discretionary sentencing determination would involve an evaluation of defendant's history, educational and employment background, any involvement with alcohol or drugs, and other pertinent information. Inasmuch as the court exercised its discretion in sentencing defendant to the six-year term based on the information in the presentence report regarding those circumstances, we conclude that "there was no . . . unfulfilled sentencing promise" (Carlton, 2 AD3d at 1354).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court